UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ERIC WARD, # 111389**  **PLAINTIFF**

**V.**  **CAUSE NO. 3:11CV504-CWR-FKB**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, DR. ROBERT MOORE, IRISH HARRIS, and BARRY BEAVEN**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING MISSISSIPPI DEPARTMENT OF CORRECTIONS

BEFORE THE COURT are *pro se* Plaintiff Eric Ward's pleadings. He is incarcerated with the Mississippi Department of Corrections ("MDOC"). He claims funds were wrongfully taken from his inmate account, and brings suit against Defendants MDOC, Dr. Robert Moore, Irish Harris, and Barry Beaven . The Court has considered and liberally construed the pleadings and considered the relevant legal authority. MDOC is dismissed for failure to state a claim.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section

1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Ward to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Ward sues MDOC, among others, and seeks any relief deemed proper by the Court. He appears to bring both federal and state law claims.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). The Section 1983 claim is therefore dismissed against the State of Mississippi.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473

2

U.S. 159, 167 n.14 (1985)).  "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  The Court notes the remaining Defendants are sued in their individual capacities and official capacities with MDOC.

Further, to the extent that MDOC is sued under the Mississippi Tort Claims Act, this claim should likewise be dismissed.  The Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."  Miss. Code Ann. § 11-46-5(4).  Therefore, MDOC is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  This partial dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).  The case will proceed against the remaining Defendants.

**SO ORDERED**, this the 2nd day of December, 2011.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
